UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COREY LAVELLE SANDERS, | ) | Case No.: 1:15 CV 1943 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

*Pro se* Plaintiff Corey Lavelle Sanders filed this action under 42 U.S.C. § 1983 against Cuyahoga County, former Cuyahoga County Common Pleas Court Judge Steven J. Terry, and Attorney Stanley Toliver. In the Complaint, Plaintiff asserts his criminal conviction was unfair because his trial judge was corrupt and his defense attorney was ineffective. He asks this Court to vacate his conviction and compensate him for injuries caused by his conviction.

**Background**

Plaintiff's Complaint is very brief. He indicates he was convicted in 2008 in Cuyahoga County. Former Common Pleas Court Judge Steven Terry presided over his case. He contends Terry is currently serving a sentence in federal custody for corruption. Plaintiff further alleges his defense attorney, Stanley Toliver failed to competently represent him leading to a miscarriage of justice. He asserts he was denied access to the courts until he agreed to accept a plea deal that resulted in his wrongful conviction. That conviction was used to enhance a subsequent sentence in federal court, which he is currently serving. Plaintiff asks this Court to vacate his state court

conviction and award him damages.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## Analysis

Plaintiff cannot challenge a criminal conviction in a civil rights action. To the extent he asks the Court to vacate his conviction, his sole remedy for obtaining that type of relief is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff has already filed a Petition for a Writ of Habeas Corpus in this Court. *See Sanders v. State of Ohio*, No. 1:15 CV 1409 (N.D. Ohio filed July 16, 2015)(Oliver, J.). That Petition is still pending.

To the extent he seeks damages, this Court cannot grant that request for relief. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Therefore, when a prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in

3

favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the Plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action will be allowed to proceed, in the absence of some other bar to the suit.

In this case, Plaintiff directly attacks his conviction and seeks damages for injuries caused by the conviction. He cannot proceed with this claim unless his conviction has been invalidated. His Petition for a Writ of Habeas Corpus is pending in this Court. His § 1983 claims are therefore not cognizable at this time.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.